IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1645-08






STEPHEN GILBERT, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE TENTH COURT OF APPEALS


BRAZOS COUNTY





 Keller, P.J., filed a concurring opinion.


 The defense of "necessity" contains three elements:

(1) the actor reasonably believes the conduct is immediately necessary to avoid
imminent harm;

 

(2) the desirability and urgency of avoiding the harm clearly outweigh, according to
ordinary standards of reasonableness, the harm sought to be prevented by the law
proscribing the conduct; and

 

(3) a legislative purpose to exclude the justification claimed for the conduct does not
otherwise plainly appear. (1) 


The third element was not met in appellant's case because a claim that the defendant was compelled
to engage in conduct by the use or threat of force is something that the Legislature plainly intended
to be addressed under the duress statute.

 The duress statute carefully and exhaustively defines when compulsion under the use or
threat of force will excuse otherwise criminal conduct by the defendant. (2) If the offense is not a
felony, the force or threat of force must constitute compulsion of such a nature as "to render a person
of reasonable firmness incapable of resisting the pressure." (3) If the offense is a felony, then the threat
must be more substantial: the defendant must have engaged in the conduct because "he was
compelled to do so by threat of imminent death or serious bodily injury to himself or another." (4) 
Moreover, the excuse provided under the duress statute is not available "if the actor intentionally,
knowingly, or recklessly placed himself in a situation in which it was probable that he would be
subjected to compulsion." (5) In doing all of these things, the Legislature has already conducted the
balancing test that would be conducted by a jury under the second element of the necessity defense:
that is, the Legislature has already balanced when "the desirability and urgency of avoiding the
harm" caused by the threatened use of force "clearly outweigh, according to ordinary standards of
reasonableness, the harm sought to be prevented by the law proscribing the conduct." (6)

 Moreover, duress is an "affirmative defense," (7) meaning that the defendant shoulders the
burden of proving duress by a preponderance of the evidence, (8) while necessity is a "defense," (9) which
requires an acquittal if the jury harbors a reasonable doubt on the matter. (10) Allowing a necessity
defense when the evidence involves the type of conduct addressed by the duress statute would
circumvent the Legislature's decision to place the burden on the defendant to prove the elements that
absolve him of criminal liability.

 Because "a legislative purpose to exclude the justification claimed for the conduct" does
"plainly appear," I agree with the Court that appellant was not entitled to an instruction on the
defense of necessity. I concur in the Court's judgment.

Filed: February 10, 2010

Do Not Publish


1. Tex. Penal Code §9.22 (emphasis added).
2. See Id., §8.05.
3. Id., §8.05(c).
4. Id., §8.05(a).
5. Id., §8.05(d).
6. See id. 9.22(2)
7. Id., §8.05(a), (b).
8. Id., §2.04(d).
9. Id., §§9.22 ("Conduct is justified if" elements of necessity defense are met.), 9.02 ("It is
a defense to prosecution that the conduct in question is justified under this chapter.").
10. Id., §2.03(d).